UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| DANIEL PAUL GOOD, ) | CASE NO. 1:14 CV 0875 |
| ) | |
| Plaintiff, ) | JUDGE DAN AARON POLSTER |
| ) | |
| v. ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| OHIO DEPARTMENT OF REHAB. & ) | |
| CORRECTIONS, ) | |
| ) | |
| Defendant. ) | |

*Pro se* prisoner Daniel Paul Good filed the above-captioned civil rights action against the Ohio Department of Rehabilitation and Correction (O.D.R.C.) Mr. Good, who is incarcerated at Mansfield Correctional Institution ("ManCi"), complains ODRC has failed to protect him from assaults by other inmates and placed him in filthy living conditions. He maintains that these repeated episodes amount to cruel and unusual punishment under the Eighth Amendment to the United States Constitution, made actionable under 42 U.S.C. § 1983. For the reasons that follow, however, Mr. Good cannot proceed with this action against ODRC

*Standard of Review*

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking

relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Onapolis v. Lamanna*, 70 F. Supp.2d 809 (N.D. Ohio 1999)(if prisoner's civil rights complaint fails to pass muster under screening process of Prison Litigation Reform Act (PLRA), district court should sua sponte dismiss complaint); *see Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

<em>42 U.S.C. §1983<br>Liability</em>

Under section 1983, the statute provides in relevant part that:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. §1983(emphasis added). Clearly, in order for a defendant to be held liable for any alleged deprivation of rights under § 1983, the defendant would have to be deemed a "person." The Supreme Court has held, however, that "neither a State nor its officials acting in their official

capacities are 'persons' under § 1983." *Will v. Michigan Dept. of State Police*, 591 U.S. 58, 71 (1989). The Ohio Department of Rehabilitation and Correction is an agency of the State of Ohio. Thus, it cannot be held liable under 42 U.S.C. § 1983, and Mr. Good cannot maintain a claim against ODRC under that statute.

*Conclusion*

Based on the foregoing, the Motion to Proced In Forma Pauperis (Doc. No. 2) is granted and the Complaint is dismissed pursuant to 28 U.S.C. § 1915A, but without prejudice. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.